Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9074 | DATE | January 21, 2004 |
| CASE TITLE | Andre Moore    v    Board of Education of the City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing set for 3/4/04, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss is granted in its entirety. Plaintiffs are directed to amend their complaint by 2/11/04. Defendants' response is due by 3/3/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 2 2004 date docketed | |
| | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JAN 2 2 2004

ANDRE MOORE, a minor; IDA DOYLE, )
mother/guardian, )
 )
      Plaintiffs, )
 )　　　　　　　　No.   02 C 9074
v. )
 )　　　　　　　　Judge Robert W. Gettleman
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO; ARNE DUNCAN, Chief Executive )
Officer, individually and in his official capacity, )
MELVERLENE V. PARKER, Principal Hirsch )
High School, individually and in her official )
capacity; NORMAN THOMAS, Vice Principal, )
individually and in his official capacity; JIMMIE )
BUSCH, Teacher, Hirsch High School, individually )
and in his official capacity, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Andre Moore ("Andre"), a minor, and his mother, Ida Doyle, filed an eight-count complaint against the Board of Education of the City of Chicago ("Board"), Arne Duncan, Chief Executive Officer of the Board, Melverlene Parker, principal of Hirsch High School, Norman Thomas, vice-principal of Hirsch High School, and Jimmie Bush, a teacher at Hirsch High School, arising from Bush's alleged mistreatment of Andre while he was a student at Hirsch High School. The instant case, although initially filed in state court, was removed to this court in December 2002.

Plaintiffs' complaint alleges that Bush committed battery (Count I) and intentionally inflicted emotional distress against Andre (Count II). Further, plaintiffs allege that the Board, Parker, Duncan, and Thomas are liable for the battery (Count III), and intentional infliction of

emotional distress (Count IV), and that the Board, Parker, Duncan, and Thomas failed to supervise (Count V) and negligently retained (Count VI) defendant Bush. Finally, plaintiffs allege racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment against Bush (Count VII) as well as the Board, Parker, Duncan, and Thomas (Count VIII) pursuant to 42 U.S.C. § 1983.

Defendants Board, Parker, and Thomas[1] have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts III, IV, V, VI and VIII for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion is granted in its entirety.

## FACTS

For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

According to the complaint, Andre, an African-American/Caucasian mixed race male, was enrolled at Hirsch High School. Plaintiffs allege that all of the defendants were aware that Andre was a special education student who was diagnosed with atlantoaxial instability (i.e. abnormalities of the upper cervical spine). Andre has a visible scar at the nape of his neck and at the base of his scull resulting from surgery fusing some of his cervical vertebrae.

During his junior year at Hirsch High School, Bush was Andre's chemistry instructor. Bush allegedly made several public statements concerning Andre's mixed Caucasian and

---

[1] Neither Bush nor Duncan joined the instant motion to dismiss. Bush answered plaintiffs' complaint in state court prior to removal, and Duncan has not yet been served.

2

African-American ancestry.² In connection with the above-described incidents, Andre's mother, Ida Doyle, went to Hirsch High School to complain to defendant Parker, the principal, but was redirected to defendant Thomas, the vice-principal. Plaintiffs claim to have reported the statements made by Bush to Thomas, who admitted that such comments should not have been made. In response, Thomas removed Andre from Bush's classroom. After this discussion, Bush allegedly continued making similar statements.

On October 25, 2001, Andre, then a senior, was in a history class taught by a Mr. Wilson in which Bush was also present. Andre made a comment that Bush was distracting him with his "interruptions" to which Bush responded, "That's the Caucasian blood in him makes him think he can say whatever he wants." When Wilson directed Andre to leave his class, Bush allegedly blocked Andre's exit from the door. According to the complaint, when Andre tried to get around Bush, Bush, without provocation, grabbed Andre and put him in a choking headlock. Shortly thereafter, Andre, complaining of neck pain, was taken to Providence Hospital Emergency Room and later to Fantus Health Center, Cook County Hospital. There it was determined that two wires from Andre's cervical spine surgery were broken, and there was evidence of vertebrae and/or nerve compression or instability. As a result, Andre was required to wear a neck brace for two hours at a time and was restricted from physical activity for six weeks.

---

²Bush's alleged comments and behavior are as follows: (1) After Andre asked a friend to pull down a window shade, Bush stated, "Don't pull it down, it's the Caucasian blood in him that he thinks he can tell you what to do"; (2) Bush called Andre a "Euronigger"; (3) Bush stated that Andre was a "confused person" because of his "mixed heritage"; (4) Bush told the student body that they were "nigger-niggers" but Andre was not; (5) Bush told students that Andre was like a plantation owner telling students what to do; (6) Bush told Andre that he didn't know whether he was Caucasian or Negroid; (7) Bush told students that they should stay away from Andre because if any problems arose Andre would "get away without repercussions because of his complexion"; and (8) Bush stated that Andre was arrogant because of his complexion.

3

# DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

1. Counts III -VI: Battery, Intentional Infliction of Emotional Distress, Willful and Wanton "Mis-Supervision" of Bush, and Willful and Wanton Retention of Bush

In Counts III and IV of their complaint, plaintiffs assert that "[i]n failing to recognize the impending danger, as to being put on notice as to Defendant, Jimmy Bush's, rabidly racial discriminatory anti-bi-racial (Caucasian/African-American) statements as to Plaintiff," defendants Board, Parker, and Thomas failed to exercise reasonable care to prevent injury to Andre and thus are liable for the alleged battery and intentional infliction of emotional distress committed by defendant Bush. In Count V, plaintiffs assert that defendants Board, Parker, and Thomas breached their "duty of supervision" by failing to, (1) monitor Bush's behavior toward Andre, (2) follow up with plaintiffs regarding Bush's behavior, (3) send Bush to sensitivity training, and (4) contact other students regarding Bush's alleged statements. In Count VI, plaintiffs allege that defendants Board, Parker, and Thomas breached their duty of retaining only

4

competent, qualified and safe teachers by failing to fire Bush after learning of his allegedly racist statements.[3]

In response, defendants Board, Parker, and Thomas maintain that they are immune from liability under Section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq. ("Tort Immunity Act"). According to defendants, even if their supervision and/or retention of Bush was willful and wanton as alleged by plaintiffs, they are not liable for plaintiffs' injuries because their handling of plaintiffs' complaints against Bush involved the determination of policy and the exercise of discretion.

Section 2-201 provides:

Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

A defendant will not be immune under Section 2-201 "unless the plaintiff's injury results from an act performed or omitted by the [defendant] in determining policy <u>and</u> in exercising discretion." Harinek v. 161 North Clark Street Ltd. Partnership, 181 Ill.2d 335, 341 (1998) (emphasis in original). "Policy decisions" are those decisions which require the municipality to "balance competing interests and to make a judgment call as to what solution will best serve each of those interests." Id. at 342 (quoting West v. Kirkham, 147 Ill.2d 1 (1992)). "Discretionary acts" are those which are "unique to a particular public office," whereas "ministerial acts" are those which "a person performs on given state of facts in a prescribed manner, in obedience to

---

[3]In their response brief, plaintiffs explained that the basis for their cause of action in Counts III and IV is the "willful and wanton supervision and retention of the teacher Jimmie Bush" (as opposed to respondeat superior).

5

the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." Id. at 343.

Notwithstanding plaintiffs' arguments to the contrary, defendants' handling of plaintiffs' complaint against Bush, as well as the decision to retain him as an employee, constitute policy decisions and acts of discretion. In the instant case, rather than fire Bush, defendants opted to remove Andre from his classroom. Without expressing an opinion as to the propriety of that decision, the court notes that the defendants' resolution of the situation required the balancing of competing interests, including those of the students, faculty, and public at large.

Further, plaintiffs have not identified any law or regulation that suggests that the Board, Parker, and Thomas lacked discretion to resolve the dispute in the manner described above. Although the Board has adopted a rule prohibiting "corporal punishment of any kind upon persons attending the public schools of the City of Chicago," the court notes that the alleged battery giving rise to Andre's injuries occurred after defendants' decision to retain him.

Further, the Chicago Public Schools Uniform Discipline Code (attached to defendants' motion to dismiss and referenced by plaintiffs in their response brief) does not dictate or prescribe the manner in which the Board, Parker, and Thomas were expected to handle plaintiffs' complaint against Bush. Rather, the Uniform Discipline Code speaks of the principal's duty to, among other things, (1) provide "continuing assistance to all school personnel to resolve problems as they arise," (2) "seek the assistance of appropriate staff, parents, and community agencies as needed to provide for the welfare of the students," and (3) "demonstrate by attitude and actions genuine concern and respect for all." In the absence of any legal authority to the contrary, the court concludes that the defendants' handling of the complaint against Bush was an

6

act of discretion, rather than a ministerial act. Cf. Johnson v. Mers, 279 Ill. App. 3d 372 (2d Dist. 1996) (characterizing a hiring decision as discretionary because "[t]he hiring decision is not one which is made when certain specific factors are present, with no regard to the hiring officials' discretion.").

That defendants may have owed a "special duty" to Andre does not compel a contrary result. As noted in Harinek, 181 Ill.2d at 347, "the special duty doctrine may not operate to impose liability upon a public entity after a court has found that entity immune from liability under the Tort Immunity Act." Moreover, willful and wanton conduct cannot deprive a local public entity of immunity granted by section 2-201 of the Act. In re Chicago Flood Litigation, 176 Ill.2d 179, 196 (1997). Accordingly, defendants Board, Parker, and Thomas are immune from liability for plaintiffs' injuries under Section 2-201, and Counts III, IV, V, and VI are dismissed against them.

2.    Count VIII: Section 1983 against the Board, Parker, and Thomas

Plaintiffs also claim that defendants Board, Parker, and Thomas somehow violated Andre's equal protection rights when these defendants acquiesced to Bush's racially discriminatory behavior by failing to supervise, instruct, control or discipline Bush after learning of his behavior.

A municipality may not be held liable under § 1983 on a theory of respondeat superior. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Instead, a plaintiff must show that the deprivation of civil rights was caused by some official custom or policy of the municipality. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state a valid § 1983 claim against the Board, plaintiffs must allege: 1) an express policy, that, when followed,

deprives a person of his or her constitutional rights; 2) a widespread practice that, though not authorized by an express policy or written law, "is so permanent and well settled" as to constitute a "custom or usage" with the force of law; or 3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir. 1994).

Plaintiffs have not alleged that their civil rights were violated by an express policy or that any of the defendants was a final policymaker for purposes of imposing liability on the school. Instead, plaintiffs essentially allege that the defendants' acquiescence to Bush's behavior establishes it as a custom or policy. Plaintiffs have misunderstood the burden they must carry in alleging that a constitutional injury was caused by a "custom" of the school district.

Plaintiffs have failed to allege that the Board had a practice or custom of racial discrimination in this case. Because plaintiffs' allegation of a single incident in which the Board may have failed to instruct, supervise, control, or discipline a teacher cannot be construed as a widespread custom of racial discrimination, this allegation is insufficient to support a claim under Monell. Absent any allegation that the Board was acting on an official custom or policy, the Board's motion to dismiss is granted.

Plaintiffs' claims against the individuals in their official capacities are redundant because suits against municipal agents in their official capacities are actually suits against the municipality. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Having concluded that plaintiffs have failed to allege a civil rights violation by the Board, the court dismisses plaintiffs' claims in Count VIII against the individual defendants in their official capacities, as well.

This leaves plaintiffs' claims § 1983 claims against Parker and Thomas in their individual capacities under some sort of "equal protection" theory. After reading the complaint liberally, and drawing all reasonable inferences in favor of plaintiffs, the court finds that plaintiffs' allegations of "deliberate indifference and callous disregard of plaintiffs' rights" are too vague to state a recognizable theory of liability against these individuals. Accordingly, Count VIII is dismissed against Parker and Thomas in their individual capacities, as well, without prejudice, and plaintiffs are given leave to amend their complaint to articulate more clearly their theory of liability against these individuals.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted in its entirety. Plaintiffs are directed to amend their complaint to conform to this opinion by February 11, 2004. Defendants shall respond thereto by March 3, 2004. The parties are directed to appear for a status report on March 4, 2004, at 9:00 a.m.

**ENTER:**     **January 21, 2004**

_____
**Robert W. Gettleman**
**United States District Judge**